IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AHMED EL-ZAYATY<br>2510 Foxtail Drive<br>Findlay, Ohio 45840 | : <br> : <br> : | Case No.<br>**3:04CV7487** |
| Plaintiff, | : | Judge |
| v. | : | **JUDGE CARR** |
| THE UNIVERSITY OF FINDLAY<br>1000 North Main Street<br>Findlay, Ohio 45840-3695 | :<br><br>: | Magistrate Judge |
| AGENT FOR SERVICE OF PROCESS:<br>CHARLES W. WEASEL<br>2011 Old Mill Road<br>Findlay, Ohio 45840 | :<br><br>: <br><br>: | |
| Defendant. | : | |

## COMPLAINT
(Jury Demand Endorsed Hereon)

### JURISDICTION

1. Pursuant to 28 U.S.C. §1331, jurisdiction is proper in this Court as Plaintiff is alleging violations of the Title VII of the Civil Rights Act of 1964, as amended (1991), 42 U.S.C. 2000e, *et seq*. For all other claims, this Court has supplemental jurisdiction under 28 U.S.C. §1367, as the other claims are inextricably tied to the federal claims.

2. All events that give rise to the present cause of action took place within the Northern District of Ohio.

3. Plaintiff filed an EEOC charge on April 20, 2004. Plaintiff received a Right to Sue Letter from the EEOC on or about June 12, 2004. A copy is attached to this Complaint.

**FACTS**

4. On or about August 1, 1993, Defendant created an MBA program with an enrollment of fifty (50) students. Dr. Ted Alex, then Director of the MBA program, hired Dr. El-Zayaty as a Professor for the program. Dr. El-Zayaty, Middle-Eastern, is of Egyptian heritage and Muslim religion.

5. Dr. El-Zayaty and Dr. Alex increased enrollment from fifty (50) students to over three hundred (300) students over the next few years by instituting several new programs to stimulate enrollment.

6. During 1998, Dr. Alex became the Dean of the College of Business and Dr. El-Zayaty became the Director of the College of Business' MBA program.

7. Also during 1998, through Dr. Alex and Dr. El-Zayaty's efforts, Defendant began teaching the MBA program over the Internet. Defendant's MBA program became known as one of the premier programs in the United States.

8. Because of the program's great success, Ken Zirkle, then President of Defendant, promoted the division of business to a college within Defendant.

9. During 2001, Defendant's MBA program maintained its position as one of the leading MBA programs nationwide. The program was so successful that Defendant started scheduling overloaded classes to answer the demand.

10. Beginning March or April 2003, Doug Asbury, Assistant Professor in the College of Business, complained to multiple administrative officials on multiple occasions regarding the negative impact of Dr. El-Zayaty's race, national origin and religion on the University of Findlay.

11. Also during April 2003, Dr. Zirkle resigned his position as president and was replaced by Dr. Freed.

12. During May or June 2003, John Cindric, Vice President of Academic Affairs, refused to pay Dr. El-Zayaty for overload associated with two (2) of Dr. El-Zayaty's classes for approximately one (1) year. Dr. Cindric only paid Dr. El-Zayaty for these courses after Dr. El-Zayaty complained to Martin Terry, Vice President of Financial Affairs, on two (2) occasions over the course of the year.

13. Also, Dr. El-Zayaty had maintained four (4) units for supplemental pay; these units were cut down to two (2). Non-Muslim and non-Egyptian professors maintained eight (8) units for supplemental pay. Dr. El-Zayaty never maintained eight (8) units for supplemental pay, even though the amount of work that Dr. El-Zayaty performed could have justified eight (8) units.

14. On or about September 15, 2003, *Ohio Magazine* selected Dr. El-Zayaty for an excellence in education award. This award recognized Dr. El-Zayaty as one of the top one hundred (100) educators in Ohio.

15. Dr. Freed, Dr. Cindric and Defendant did nothing to acknowledge Dr. El-Zayaty's achievement, other than allegedly placing a document in Dr. El-Zayaty's personnel file.

16. Even if a document was placed in Dr. El-Zayaty's personnel file, this process is not representative of the usual recognition given to non-Egyptian, non-Muslim professors for their achievements, even when those achievements are lower profile.

17. Initially, Katherine Kelly, Public Affairs, assured Dr. El-Zayaty that his picture would be approved for submission to *Ohio Magazine* in conjunction with the award. This never happened, however. When Dr. El-Zayaty confronted Ms. Kelly about this, Ms. Kelly

stated she was told specifically not to submit Dr. El-Zayaty's picture to the magazine. Under information and belief, Dr. Cindric was responsible for approving release of pictures to the magazine.

18. On or about November 13, 2003, Dr. Alex met with Dr. El-Zayaty and informed Dr. El-Zayaty that Dr. Freed removed Dr. El-Zayaty from the Director's position and would assign Dr. El-Zayaty's position to someone else.

19. Dr. El-Zayaty was effectively demoted to Professor, with a large decrease in pay; i.e., from over $300,000.00 per year, down to $88,000.00 per year with no overtime.

20. Dr. El-Zayaty later learned that his former position of MBA Director was offered to Martin Carrigan, Caucasian, non-Muslim during late 2003 or early 2004. Mr. Carrigan has a law degree and an MBA from Dr. El-Zayaty's program; i.e., Defendant attempted to replace Dr. El-Zayaty by one of his former students. Dr. Carrigan possesses far less training and experience than Dr. El-Zayaty.

21. Mr. Carrigan talked with Dr. El-Zayaty about the proposed replacement, commenting that "the President" put him there and that he did not know what happened. Mr. Carrigan eventually refused the MBA Director position, stating that it was "unfair" to Dr. El-Zayaty.

22. On or about February 6, 2004, after Mr. Carrigan refused the MBA Director position, the undersigned mailed a demand letter to Defendant on behalf of Dr. El-Zayaty. Most of the above facts were included in the letter and allegations of race, national origin and religious discrimination were raised as well.

23. Shortly thereafter, Dr. Cindric "restructured" Defendant's College of Business. As part of the restructuring, Dr. Cindric "eliminated" the MBA Director position, assigning the

bulk of the former MBA Director's duties to Dr. Dennis Mathern, the Undergraduate Business Director.

**COUNT I: Title VII Race Discrimination.**

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully restated herein.

25. Plaintiff is Middle-Eastern, a member of a protected class under Federal law.

26. Plaintiff was treated disparately worse as compared to his non-Middle-Eastern co-workers.

27. Plaintiff has stated a cause of action for race discrimination pursuant to 42 U.S.C. 2000e, *et seq*.

**COUNT II: Title VII National Origin Discrimination.**

28. Plaintiff hereby incorporates paragraphs 1 through 27 as if fully restated herein.

29. Plaintiff is Egyptian, a member of a protected class under Federal law.

30. Plaintiff was treated disparately worse as compared to his non-Egyptian co-workers.

31. Plaintiff has stated a cause of action for national origin discrimination pursuant to 42 U.S.C. 2000e, *et seq*.

**COUNT III: Title VII Religious Discrimination.**

32. Plaintiff hereby incorporates paragraphs 1 through 31 as if fully restated herein.

33. Plaintiff is Muslim, a member of a protected class under Federal law.

34. Plaintiff was treated disparately worse as compared to his non-Muslim co-workers.

35. Plaintiff has stated a cause of action for national origin discrimination pursuant to 42 U.S.C. 2000e, *et seq*.

### COUNT IV: Ohio Revised Code § 4112.02 Race Discrimination.

36. Plaintiff hereby incorporates paragraphs 1 through 35 as if fully restated herein.

37. Plaintiff has stated a cause of action for race discrimination pursuant to the Ohio Revised Code § 4112.02.

### COUNT V: Ohio Revised Code § 4112.02 National Origin Discrimination.

38. Plaintiff hereby incorporates paragraphs 1 through 37 as if fully restated herein.

39. Plaintiff has stated a cause of action for national origin discrimination pursuant to the Ohio Revised Code § 4112.02.

### COUNT VI: Ohio Revised Code § 4112.02 Religious Discrimination.

40. Plaintiff hereby incorporates paragraphs 1 through 39 as if fully restated herein.

41. Plaintiff has stated a cause of action for religious discrimination pursuant to the Ohio Revised Code § 4112.02.

### COUNT VII: Ohio Public Policy Violation Based on Title VII Violations.

42. Plaintiff hereby incorporates paragraphs 1 through 41 as if fully restated herein.

43. Plaintiff has stated a cause of action for violation of Ohio public policy with regard to Title VII violations.

### COUNT VIII: Ohio Public Policy Violation Based on Ohio Revised Code § 4112.02 violations.

44. Plaintiff hereby incorporates paragraphs 1 through 43 as if fully restated herein.

45. Plaintiff has stated a cause of action for violation of Ohio public policy with regard to O.R.C. §4112.02 violations.

**WHEREFORE**, Plaintiff, Ahmed El-Zayaty, respectfully requests that this Court order the following judgment against the Defendant:

1. Compensatory damages of $250,000 on each count, including back pay and front pay;

2. Non-economic damages of $250,000 on each count;

3. Punitive damages of $250,000 on each count;

4. Plaintiff's costs, both pre-judgment and post-judgment interest, attorney fees, injunctive relief, and any other relief this Court may find just and equitable.

**RESPECTFULLY SUBMITTED,**

*Nicholas Kennedy by Derek Bucher*
Nicholas E. Kennedy (0070310)
KENNEDY&KNOLL
*Attorneys and Counselors at Law*
3040 Riverside Drive, Suite 103
Columbus, Ohio 43221
(614) 488-1161
(614) 488-5003 (facsimile)
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands trial by jury in all matters triable to a jury.

**RESPECTFULLY SUBMITTED,**

*Nicholas Kennedy by Derek Bucher*
Nicholas E. Kennedy (0070310)
KENNEDY&KNOLL
*Attorneys and Counselors at Law*
Attorney for Plaintiff